# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR18** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **RAYMOND PICKETT, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections[1] thereto (Filing No. 32). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the career offender classification in ¶ 32 and to all offenses in ¶¶ 36-41 as predicate offenses for the Defendant's career offender status.[2] He then objects specifically to the offenses in ¶¶ 36, 39 and 40 being used as qualifying offenses. The objections to ¶¶ 39 and 40 will be heard at sentencing. Because ¶ 36 was not used as a predicate offense, that objection is denied. The government bears the burden of proof by a preponderance of the evidence.

The Defendant also objects to ¶ 41, arguing that the conviction should result in no additional criminal history points. The burden is on the government by a preponderance of the evidence.

---

[1] The objections were apparently not submitted initially to the probation officer as required by ¶ 4 of the Order on Sentencing Schedule (Filing No. 31).

[2] The predicate offenses are those in ¶¶ 37, 39 and 40.

No basis was provided for the objection to ¶¶ 37 and 38.  These objections are denied.

IT IS ORDERED:

1. The Defendant's Objections to ¶¶ 36, 37 and 38 of the Presentence Investigation Report (Filing No. 32) are denied;

2. The Defendant's objections to ¶¶ 32, 39, 40 and 41 will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 29th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2